No. 99-214

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 256N

LARRY J. BONDERUD, O.D.,

Petitioner and Appellant,

v.

STATE OF MONTANA, ex rel. MONTANA

DEPARTMENT OF SOCIAL AND REHABILITATION

SERVICES APPEALS, ex rel. BOARD OF PUBLIC

HEALTH AND HUMAN SERVICES APPEALS,

Respondent and Respondent.

APPEAL FROM: District Court of the Ninth Judicial District,

In and for the County of Toole,

Honorable Michael C. Prezeau, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

John C. Doubek, Small, Hatch, Doubek & Pyfer, Helena, Montana

For Respondents:

Barbara Hoffman, Special Assistant Attorney General, Department

of Public Health and Human Services, Helena

Submitted on Briefs: September 23, 1999

Decided: October 21, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

¶ **The Department of Public Health and Human Services, which administers the Montana Medicaid program, determined that optometrist Larry J. Bonderud should**

be excluded from participating in the program for two years as a penalty for misbilling Medicaid claims. Bonderud contested that determination. A hearing examiner appointed by the Department determined that only a one-year suspension from participation in the Medicaid program was justified. Bonderud appealed to the Ninth Judicial District Court, Toole County, which affirmed the hearing examiner's decision. Bonderud now appeals to this Court. We affirm.

¶ The issues are whether the hearing examiner's conclusions of law are clearly erroneous in light of her findings of fact and whether this case must be remanded to the Department because the hearing examiner did not have the authority to modify the amount of time Bonderud is suspended from the Medicaid program as an optometric provider.

## Issue 1

¶ Did the District Court err in determining that the hearing examiner's conclusions of law were not clearly erroneous in light of her findings of fact?

¶ In making his argument, Bonderud does not specifically identify any of the hearing examiner's findings as unsupported in the record. He instead argues that in the portion of the decision decided against him, the hearing examiner failed to consider that the Department's rules were "vague or non-existent" or else simply ignored the evidence.

¶ When reviewing an administrative agency's decision, district courts are governed by the standards of review set forth in the Montana Administrative Procedure Act at § 2-4-704, MCA. Section 2-4-711, MCA, speaks to this Court's related appellate authority. We review findings of fact to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. *Matter of Kalfell Ranch, Inc.* (1994), 269 Mont. 117, 122, 887 P.2d 241, 245.

¶ The hearing examiner found that between March 1989 and January 1992, Bonderud had misbilled seventeen pairs of plastic eyeglass frames at the higher Medicaid rate for metal frames. The hearing examiner found, however, that the Department's definitions of metal and plastic frames were not clear and that this misbilling had not therefore been established as intentional.

¶ The hearing examiner further found that Bonderud had on four occasions misbilled for complete repair of glasses when in fact he had provided patients with new glasses, and that this resulted from his "extremely careless" billing. Medicaid rules allow for new eyeglasses for adults no more often than every two years unless the prescription has changed dramatically, which was not true as to Bonderud's patients; therefore Medicaid would not have paid for new glasses for those patients. The hearing examiner also found that while Bonderud had previously been fully apprised of the Department's definitions of a new patient and an established patient, he continued to misbill established patients as new patients, thereby receiving a higher rate of Medicaid reimbursement than the rate to which he was entitled.

¶ The hearing examiner found and concluded that a sanction against Bonderud for misbilling plastic frames as metal ones was not justified. However, she found and concluded that Bonderud should be suspended from the Medicaid program for one year because of his established misbilling and his history of improper billing and failure to respond to remedial measures less punitive than suspension.

¶ While Bonderud points out that the District Court apparently misinterpreted the number of cases of misbilling which were established, we conclude that any such error was harmless. The extent of violations is only one of the factors to be considered in imposing sanctions pursuant to Rule 46.12.403, ARM, which governs here.

¶ Based upon the administrative record, the parties' pleadings, and the applicable law, the District Court found that substantial evidence supported the hearing examiner's findings. It concluded that Bonderud's one-year suspension from the Medicaid program was not an abuse of discretion and was not erroneous. After reviewing the record, we hold that the hearing examiner's findings of fact are supported by substantial credible evidence and are not otherwise clearly erroneous and that her conclusions of law are correct.

## Issue 2

¶ Must this case be remanded to the Department because the hearing examiner did not have the authority to modify the amount of time Bonderud is suspended from the Medicaid program as an optometric provider?

¶ The record reflects that Bonderud suggested this contention in his briefs to the District Court without substantive legal analysis. The District Court addressed the argument only in its denial of Bonderud's petition for rehearing, finding no due process violation in the hearing examiner's decision to reduce the length of Bonderud's suspension.

¶ In his briefs to this Court, Bonderud asserts that the hearing examiner did not possess authority to reduce the period of his suspension to one year and should have instead remanded his case to the Department. He contends, without citing any authority directly on point, that the scope of a hearing examiner's authority to modify the length of a suspension is a jurisdictional issue which may be raised at any time.

¶ It is not a court's obligation to conduct legal research on a party's behalf, guess at the party's precise position, or develop a legal analysis which may lend support to that position. *See Johansen v. State, Dept. of Natural Resources*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24. Given the paucity of briefing on this issue before the District Court, we conclude that the issue was not squarely presented to that court. It is well-established that this Court will not consider for the first time on appeal an issue which was not raised in the district court. *Matter of B.T.B.* (1992), 254 Mont. 449, 454, 840 P.2d 558, 561. We decline to address the issue further.

¶ Affirmed.

/S/ J. A. TURNAGE


We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER